**FILED**

MAR 1 0 2026

MAGISTRATE JUDGE DANIEL P. MCLAL
United States District Cou..

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

OSCAR ROSALES VERGARA

No. 25 CR 617

Hon. Daniel P. McLaughlin
Magistrate Judge

## AGREEMENT TO DEFER PROSECUTION

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and the defendant, OSCAR ROSALES VERGARA, and his attorney, HOLLY BLAINE, hereby agree to the following:

Defendant has been charged by information with violating Title 18, United States Code, Section 111(a)(1) (forcibly assaulting an Officer of the United States Government engaged in the performance of his official duties). Defendant understands that he has a right to have his guilt or innocence of the charges determined by a jury of his peers under the terms of the Speedy Trial Act, Title 18, United States Code, Section 3161, *et seq.* By signing this agreement, defendant agrees that, pursuant to Title 18, United States Code, Section 3161(h)(2), the period during which this prosecution is delayed pursuant to this Agreement is to be excluded in computing the time within which the trial in this case must commence under the Speedy Trial Act. Defendant knowingly waives his right to assert that his trial did not occur within the time limits prescribed by the Speedy Trial Act.

The United States Attorney will move the district court, pursuant to Title 18, United States Code, Section 3161(h)(2), to defer the prosecution of defendant on the information for 6 months for the purpose of allowing defendant to demonstrate his good conduct during this period. For the purpose of demonstrating his good conduct, defendant agrees to abide by the conditions and requirements of this Agreement set out below.

### Conditions of Pretrial Diversion

1. Defendant shall not violate any law (federal/state/local). Defendant shall immediately contact his pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

1

2.     Defendant shall attend work regularly at a lawful occupation or otherwise comply with the terms of the special program described below. If defendant loses his job, defendant shall notify his pretrial diversion supervisor at once. Defendant shall consult his pretrial diversion supervisor prior to job changes.

3.     Defendant shall report to his pretrial diversion supervisor as directed, comply with his or her instructions, and keep him/her informed of defendant's whereabouts.

4.     Defendant shall continue to reside in his current judicial district. If defendant intends to move out of that district, defendant shall inform his pretrial diversion supervisor so the Pretrial Services Office and the government can determine whether it is possible and appropriate to transfer responsibility for defendant's supervision.

5.     Defendant shall not travel outside the Northern District of Illinois without first obtaining the approval of his pretrial diversion supervisor.

6.     Defendant shall not possess any firearm or apply for any Firearm Owner's Identification card.

### Admissions by Oscar Rosales Vergara

By signing this Agreement, defendant admits the following facts and agrees that these admissions may be used against him in any proceeding for any purpose, including as admissions, in the event that the government subsequently determines that he has breached this Agreement and the United States resumes or institutes prosecution of the charge against defendant in the information, or any other charge:

On September 30, 2025, defendant Rosales Vergara forcibly assaulted a Deputy United States Marshal (DUSM) who was engaged in the performance of his official duties, in violation of Title 18, United Staes Code, Section 111(a)(1). Specifically, defendant was in the front passenger seat of a pickup truck being driven eastbound on Interstate 80 approaching Kedzie Ave in Hazel Crest, Illinois. United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) agents, accompanied by DUSMs, initiated a vehicle stop on the pickup truck in order to execute an arrest warrant on the driver in support of an Immigration Enforcement Removal Operation. ICE agents and DUSMs approached the truck and gave verbal commands to the occupants to roll down the windows and provide identification. When defendant refused, a DUSM used a tool to break the rear

passenger window in order to extract the driver for whom they had the arrest warrant. Defendant reached out the broken window and struck the DUSM with his hand on his left shoulder area.

## Further Agreements Between the Parties

If, at any point during the period of this Agreement, defendant violates any condition of this Agreement, the United States Attorney may unilaterally revoke or modify any conditions of this Pretrial Diversion Agreement and/or change the period of supervision, which shall in no case exceed 6 months. The United States Attorney may release defendant from supervision at any time. The United States Attorney may at any time within the period of defendant's supervision initiate prosecution for this offense should defendant violate the conditions of this Agreement. In this case the government will furnish defendant with notice specifying the conditions of the Agreement which defendant has violated. Determination of whether defendant has violated this Agreement shall be within the sole discretion of the United States Attorney.

If defendant successfully completes this diversion program and fulfills all the terms and conditions of the Agreement, the government will move the Court to dismiss the information against defendant.

Defendant understands that this Agreement is a public document and may be disclosed to any party.

Defendant understands that pursuant to Title 18, United States Code, Section 3161(h)(2), this Agreement is subject to approval by the Court. Should the Court refuse to approve, and thereby reject, this Agreement, neither party shall be bound to any term of this Agreement, and no admissions in this Agreement may be used against defendant.

## Waiver of Claims Arising From Delay

I, OSCAR ROSALES VERGARA, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Illinois to defer any prosecution of me for violation of Title 18, United

States Code, Section 111(a)(1) (Assault of a federal officer) for the period of 6 months, and to induce the United States Attorney to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement.

Defendant acknowledges that he has read this Agreement and has carefully reviewed each provision with his attorney. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

_____  Date: 3/10/2026
OSCAR ROSALES VERGARA
Defendant

_____  Date: 3/10/2026
HOLLY BLAINE
Attorney for Oscar Rosales Vergara
By: James G. Vargant

_____  Date: 03.10.26
WILLIAM R. HOGAN, JR.
Assistant U.S. Attorney

4